Hitchcock, J.
As the defendant in this ease attempted to justify under an ordinance of the borough of Conneaut, in the county of Ashtabula, as set forth in the plea, it becomes necessary to inquire whether the corporate authorities of that borough had power, under their act of incorporation, to adopt the ordinance in question. In determining the powers of municipal corporations it is right and proper to allow them the exercise of all powers expressly granted, and such others as may be necessary to carry the powers expressly granted into execution. Beyond this the court ought not to go, and should there be error in construing those powers, it is better to err, in lestricting than in extending them.
The ordinance in question, is one by which swine, cattle, horses, sheep and geese, are prohibited from running at large in said borough. The general law of the state contains no *525 prohibition of the kind, but on the contrary, by the first section of the “ act defining the duties of persons taking up astray animals,” etc.,.(Swan’s Stat. 870,) it is enacted “ that no person shall he allowed to take up any neat cattle, sheep or hogs, after the first day of April, and before the first day of November annually.”
The power to adopt the ordinance in question is supposed to be derived from the seventh section of the act of incorporation, (36 vol. local Laws 24.) This section provides, “ that the. mayor, recorder, and trustees, or a majority of them, of whom the mayor or recorder shall always be one, shall have authority to make, ordain and publish, all such by-laws and ordinances, consistent with the constitution and laws of this state and of the United States, as they shall deem necessary for the well regulation, interest, health, cleanliness, convenience and advantage of said borough and its inhabitants; to impose fines, forfeitures and penalties, (not exceeding fifty dollars,) upon each and every person offending against the laws and ordinances, which may be made as aforesaid,” etc.
This ordinance could not be adopted under this part of the section, as it is in contravention of the general law of the state which allows such animals to run at large.
Power is also conferred upon the corporation “ to require and compel the abatement of nuisances.” It has been supposed that this ordinance is authorized by this clause of the act of incorporation. But such is not the opinion of the court. Although it may be considered as a nuisance, that swine should be allowed to run at large in a town corporate, still it is manifest that such is not the nuisance here spoken of.
Besides, it is common in our legislature to grant expressly to towns corporate, the power to do what in this ease has been-attempted to be done. That is, the power to prohibit horses, cattle and swine from running at large. Such being the practice, it is right to presume, where this power is not expressly granted, it was intended it should not be exercised.
*526 In the opinion of the court, the corporation of Conneaut had ■no power to adopt the ordinance in question, and the same is void. Such being the opinion of the court, it is unnecessary to consider the other points raised in argument.
Judgment of the common pleas reversed, and case remanded for further proceedings.